NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL JAQUEZ DURON, AKA Daniel Duron Jaquez,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.  15-71483<br><br>Agency No. A200-824-849<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2020[**]

Before:      MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Daniel Jaquez Duron, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for withholding of

removal, relief under the Convention Against Torture ("CAT"), and voluntary

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

departure.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Jaquez Duron failed to establish past persecution.  *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (an applicant who alleges past persecution has the burden of proving that the treatment rises to the level of persecution).  Substantial evidence also supports the agency's conclusion that Jaquez Duron failed to establish he would be persecuted on account of a protected ground.  *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").  Thus, Jaquez Duron's withholding of removal claim fails.

We lack jurisdiction to consider Jaquez Duron's contentions regarding his fear of persecution on account of an imputed political opinion, nationality, and newly proposed particular social groups because they were not raised to the agency.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).  In addition, we lack

2

jurisdiction to consider Jaquez Duron's contentions that the IJ erred in denying voluntary departure. *Id.*

Substantial evidence supports the agency's denial of CAT relief because Jaquez Duron failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

We reject Jaquez Duron's contentions that the agency failed to consider evidence and erred in its analysis of his case.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**